THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREEN WORLD COUNCIL BLUFFS, LLC, a Washington limited liability company, and MICHAEL KIM, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> 1SHARPE OPPORTUNITY INTERMEDIATE FUND, LP., a Cayman Island limited partnership, *et al.*, <br><br> Defendants. | CASE NO. C20-1579-JCC <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff Michael Kim's motion for an extension of time (Dkt. No. 24) to respond to the motion to dismiss filed by Defendants 1Sharpe Opportunity Intermediate Fund, L.P., 1Sharpe Opportunity Intermediate Trust, and Alex Johnson (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Plaintiff's motion for an extension of time (Dkt. No. 24) for the reasons explained below.

Plaintiff asks the Court to extend his deadline to respond to Defendants' motion to dismiss until after the close of discovery. (Dkt. No. 24 at 1.) Defendants move to dismiss for lack

of personal jurisdictional jurisdiction, among other reasons. (Dkt. No. 11 at 3.) Under these circumstances, a district court should grant a plaintiff's request to conduct jurisdictional discovery "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *See Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). "The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists." *Gager v. United States*, 149 F.3d 918, 922 (9th Cir. 1998) (quoting *Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995)).

Plaintiff has not met this burden as he has not identified any relevant controverted facts that bear on jurisdiction or otherwise explained how discovery is necessary for him to respond to the issues raised by Defendants' motion to dismiss for lack of personal jurisdiction. He claims only that "[d]iscovery is required to establish that State of Washington is the proper jurisdiction for this case, and that is based on what Defendants knew at the time they filed the petition for foreclosure in the State of Iowa while still in the fraud litigation in Florida." (Dkt. No. 24 at 4.) But Plaintiff has not explained what Defendants may have known or how Defendants' knowledge is relevant to whether the Court has personal jurisdiction over Defendants. Accordingly, the Court DENIES Plaintiff's motion for an extension of time to respond to the motion to dismiss (Dkt. No. 24).

In Plaintiff's reply brief, he moves to strike the motion to dismiss (Dkt. No. 11), or alternatively, to strike portions of the motion to dismiss. (Dkt. No. 30 at 1–2.) First, Plaintiff's request does not comply with Local Civil Rule 7(g), which requires that a request to strike material in a motion be included in the responsive brief. Second, Plaintiff's arguments in support of his request to strike are ultimately arguments in opposition to the motion to dismiss and do not form a basis to strike the motion or portions thereof. Accordingly, the Court DENIES Plaintiff's request to strike.

//

1   DATED this 12th day of March 2021.

William M. McCool
Clerk of Court

s/Paula McNabb
Deputy Clerk