THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREEN WORLD COUNCIL BLUFFS, LLC, a Washington limited liability company, and MICHAEL KIM, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> 1SHARPE OPPORTUNITY INTERMEDIATE FUND, L.P., a Cayman Island limited partnership, *et al.*, <br><br> Defendants. | CASE NO. C20-1579-JCC <br><br> ORDER |

This matter comes before the Court on Defendants 1Sharpe Opportunity Intermediate Fund, L.P. ("1Sharpe Fund"); 1Sharpe Opportunity Intermediate Trust ("1Sharpe Trust"); and Alex Johnson's motion to dismiss (Dkt. No. 11), and on Plaintiff Michael Kim's response to the Court's order to show cause (Dkt. No. 38) and motion for summary judgment (Dkt. Nos. 7, 27). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendants' motion (Dkt. No. 11) and DENIES Mr. Kim's motion (Dkt. Nos. 7, 27) for the reasons explained herein.

I.   BACKGROUND

On October 26, 2020, Plaintiffs Green World Council Bluffs, LLC ("Green World") and Michael Kim, the sole member of Green World, filed this suit against Summit and Crowne

Capital Partners, LLC ("Summit"); Blue Funding, LLC ("Blue"); Archdale Funding, LLC ("Archdale"); Churchill Real Estate Partners LLC ("Churchill"); 1Sharpe Fund; 1Sharpe Trust; Alex Johnson; and four other individual defendants. (*See generally* Dkt. No. 1.) Plaintiff Green World is organized under the laws of Washington, and Plaintiff Mr. Kim, its sole member, resides in Florida.[1]

According to the complaint, Green World took out a loan from Summit in July 2018 and executed a promissory note secured by real property in Iowa. (*Id.* at 11, 14–15.) After Green World defaulted on the loan, Archdale accelerated payment of the note and, represented by attorney Alex Johnson, obtained a judicial foreclosure on the Iowa property in Iowa state court. (*Id.* at 13–14.) Plaintiffs allege that Archdale did not have authority to foreclose because each assignment of the loan (from Summit to Blue to Archdale) was "a nullity because the Note was never included in the assignment." (*Id.* at 13.) Among other things, Plaintiffs allege that the Iowa state court judgment in the foreclosure action is void; Summit, Blue, and individual defendants fraudulently induced Plaintiffs to enter into the loan agreements; all of the named defendants conspired to steal Plaintiffs' property; Blue, Archdale, 1Sharpe Fund, 1Sharpe Trust, and individual defendants conspired with the Iowa state court judge to deprive Plaintiffs of due process and equal protection; and all the named defendants violated the Racketeer Influenced and Corrupt Organizations Act. (*Id.* at 16–67.)

On February 3, 2021, Mr. Kim filed affidavits of service, which attest to having served a copy of the summons and complaint on 1Sharpe Trust and 1Sharpe Fund on January 26, 2021 and on Churchill, Archdale, and Alex Johnson on January 28, 2021. (Dkt. No. 6.) On February 12, 2021, Mr. Kim filed a motion for summary judgment. (Dkt. No. 7.) On February 18, 2021, Defendants 1Sharpe Fund, 1Sharpe Trust, and Alex Johnson appeared through counsel and filed

---

[1] Green World is represented by counsel in this matter, (*see* Dkt. No. 4), but Mr. Kim is proceeding *pro se*. Green World did not respond to Defendants' motion to dismiss or the Court's order to show cause and did not join Mr. Kim's motion for summary judgment or any of his other filings.

ORDER
C20-1579-JCC
PAGE - 2

a motion to dismiss for lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim. (Dkt. Nos. 9, 10, 11.) Mr. Kim moved for an entry of default against 1Sharpe Trust, 1Sharpe Fund, Archdale, and Churchill. (Dkt. Nos. 15, 16, 17, 18, 22.) Because Mr. Kim did not timely serve those defendants or Defendant Alex Johnson and had not filed proof of service on the other defendants, the Court denied Mr. Kim's motion for default and ordered Plaintiffs to show cause why the case should not be dismissed for failure to serve Defendants within the 90-day period allowed by Federal Rule of Civil Procedure 4(m). (Dkt. No. 23.) Mr. Kim responded to the Court's order to show cause. (Dkt. No. 38.)

Defendants' motion to dismiss (Dkt. No. 11), Mr. Kim's response to the order to show cause (Dkt. No. 38), and Mr. Kim's motion for summary judgment (Dkt. Nos. 7, 27) are ripe for the Court's consideration.

**II.     DISCUSSION**

    **A.     Defendants' Motion to Dismiss**

        1. <u>Legal Standard</u>

Although Defendants' motion argues the claims against them should be dismissed under Rules 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6), the Court need not reach the Rule 12(b)(3), (5), and (6) arguments because Defendants' Rule 12(b)(2) jurisdictional argument is dispositive.

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction. When a defendant does so, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). The Court must accept the plaintiff's allegations as true and construe disputed facts in plaintiff's favor. *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

In deciding whether personal jurisdiction exists, the Court applies the law of the state in which it sits. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). Washington's long-arm statute, Wash. Rev. Code § 4.28.185, extends jurisdiction over nonresident defendants to the extent permitted by federal due process. *Shute v. Carnival Cruise*

1  *Lines*, 783 P.2d 78, 78 (Wash. 1989). Because the long-arm statute is coextensive with the outer
2  limits of due process, the Court need only examine whether the exercise of jurisdiction comports
3  with federal due process requirements. *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1405
4  (9th Cir. 1994).

5      Due process requires that nonresident defendants have certain minimum contacts with the
6  forum state so that the exercise of jurisdiction does not "offend traditional notions of fair play
7  and substantial justice." *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). Minimum
8  contacts exist "if the defendant has continuous and systematic general business contacts with a
9  forum state (general jurisdiction), or if the defendant has sufficient contacts arising from or
10 related to specific transactions or activities in the forum state (specific jurisdiction)." *Morrill v.*
11 *Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017).

12     2.  <u>Analysis</u>

13     Defendants argue that the Court lacks both general and specific personal jurisdiction over
14 them. (Dkt. No. 11 at 11–13.) As an initial matter, Mr. Kim argues that Defendants waived their
15 right to contest personal jurisdiction by (1) entering general appearances in the case, (2) raising
16 other defenses in their motion to dismiss, and (3) opposing Mr. Kim's motion for summary
17 judgment. (Dkt. No. 39 at 9–12.) The Court disagrees.

18     First, because "technical distinctions between general and special appearances have been
19 abolished" by the enactment of the Federal Rules of Civil Procedure, Defendants did not need to
20 specify the nature of their appearance to preserve their personal jurisdiction argument. *Hamilton*
21 *v. Willms*, 2007 WL 2904286, slip op. at 3 (E.D. Cal. 2007). Second, under Rule 12(b), "no
22 defense or objection is waived by joining it with one or more other defenses or objections in a
23 responsive pleading or in a motion." Third, Plaintiff cites no authority for his argument that a
24 defendant's filing of a response to a plaintiff's motion for summary judgment while that
25 defendant's motion to dismiss for lack of personal jurisdiction is pending amounts to a waiver of
26 the personal jurisdiction defense. While a defendant who timely raises a personal jurisdiction

defense may still waive it by a later course of conduct during the litigation, Defendants' response to Plaintiff's summary judgment motion is not the type of behavior that demonstrates a waiver. In their response to Plaintiff's motion, Defendants reiterated their personal jurisdiction defense and argued it would be premature for the Court to consider granting summary judgment before resolving the personal jurisdiction question. (*See* Dkt. No. 32 at 2 (arguing that "to impose summary judgment in the absence of personal jurisdiction would . . . violate Defendants' due process rights"); *Cf. Aerodynamics Inc. v. Caesars Ent. Operating Co., Inc.*, 2017 WL 1100901, slip op. at 3 (D. Nev. 2017) (defendant who raised lack of personal jurisdiction in his first responsive pleading nevertheless waived the defense by failing to reassert it in opposing plaintiff's motion for a temporary restraining order or plaintiff's motion for a preliminary injunction and in failing to seek relief from either injunction on that basis).

On the merits, Plaintiff does not argue that the Court has general jurisdiction over Defendants. Rather, Plaintiff argues that the Court can exercise specific personal jurisdiction because Defendants intentionally harmed a Washington LLC. (Dkt. No. 39 at 12.) To establish specific personal jurisdiction, a plaintiff must prove that (1) the defendant purposefully directed its activities at the forum, or performed some act by which it "purposefully avail[ed] [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws" and (2) that the plaintiff's claim "arises out of or relates to" the defendant's forum-related activities. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff satisfies these two prongs, the burden shifts to the defendant to "present a compelling case that the exercise of jurisdiction would not be reasonable."

Plaintiff has failed to satisfy the first prong—that Defendants either purposefully availed themselves of the privilege of conducting activities in Washington, or purposefully directed their activities toward Washington. Plaintiff does not allege that any of the conduct giving rise to this suit occurred in Washington or was directed at Washington. Instead, he alleges that Defendants may be haled into court in this state because they intentionally harmed a Washington LLC. The

ORDER
C20-1579-JCC
PAGE - 5

Supreme Court, however, has made clear that "the plaintiff cannot be the only link between the Defendant and the forum" and "mere injury to a forum resident" is not sufficient to confer personal jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 285, 290 (2014); *see also Schwarzenegger*, 374 F.3d at 807 (finding there was no personal jurisdiction in California over an Ohio car dealership that allegedly violated Plaintiff's right of publicity even though the conduct caused harm to the plaintiff in California and Defendant knew Plaintiff lived in California). "Due process requires that a defendant be haled into court in a forum state based on its own affiliation with the state, not based on the '. . . attenuated' contacts he makes by interacting with other persons affiliated with the state." *Walden*, 571 U.S. at 286 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Plaintiff relies on *Calder v. Jones*, 465 U.S. 783 (1984), and *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770 (1984). But each of those cases turned on the "various contacts the defendants had created with [the forum state] (*and not just with the plaintiff*) by [the allegedly tortious conduct]." *Walden*, 571 U.S. at 287 (emphasis added). In *Calder*, for example, a California actress sued a reporter and editor for the National Enquirer in California state court for libel. 465 U.S. at 785–76. Her libel claims were based on an article written and edited by the defendants in Florida that was published in the National Enquirer and circulated around the country, including in California. *Id.* The Supreme Court held that personal jurisdiction in California was appropriate because "'California [wa]s the focal point both of the story and of the harm suffered.'" *Walden*, 571 U.S. at 287 (quoting *Calder*, 465 U.S. at 789). Specifically, "[t]he defendants relied on phone calls to 'California sources' for the information in their article; they wrote the story about the plaintiff's activities in California; they caused reputational injury in California by writing an allegedly libelous article that was widely circulated in the State; and the 'brunt' of that injury was suffered by the plaintiff in that State." *Id.* (quoting *Calder*, 465 U.S. at 788–89).

Unlike in *Calder*, Mr. Kim has not established that Washington was the focal point of Defendants' allegedly unlawful conduct. Rather, Plaintiffs' allegations concern a loan secured by

real property in Iowa and a judicial foreclosure action in Iowa. The fact that Defendants conduct related to the loan and foreclosure allegedly harmed a Washington LLC is simply not enough, by itself, to make Defendants subject to this Court's jurisdiction.

Accordingly, the Court FINDS that it lacks personal jurisdiction over Defendants 1Sharpe Fund, 1Sharpe Trust, and Alex Johnson, and Plaintiffs' claims against them must be dismissed.

### B. Mr. Kim's Response to the Court's Order to Show Cause

Plaintiffs have not submitted proof of timely and properly serving any of the remaining defendants in this matter. In March 2021, the Court ordered Plaintiffs to show cause why the case should not be dismissed under Rule 4(m). (Dkt. No. 23.) Rule 4(m) requires a plaintiff to serve defendants within 90 days after the complaint is filed and provides that if service is not timely completed, a district court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff shows good cause for failure to serve within the prescribed time limits, the Court must extend the time for accomplishing service. *Id.* Otherwise, the Court has broad discretion to decide whether to give an extension or dismiss the action. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The Court "may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Id.* (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Green World did not respond to the Court's order to show cause. Mr. Kim filed a response arguing that he was unable to timely serve Churchill, Archdale, 1Sharpe Fund, 1Sharpe Trust, and Alex Johnson because the Clerk's Office took nine days to issue the summonses, leaving him with only one day to accomplish timely service. (Dkt. No. 38.) He contends that if the Clerk had issued the summonses within one to two days of his request, he would have been able to timely accomplish service. (*Id.*) But Mr. Kim does not address why he did not request the summonses until nearly three months after he filed his complaint, nor does he make any effort to

explain his failure to serve the other named defendants. Therefore, the Court finds that Plaintiffs have not established good cause. Moreover, the Court finds that the relevant factors identified in *Efaw* counsel against exercising the Court's discretion to extend the time for service notwithstanding the lack of good cause. Mr. Kim does not argue that any of his claims will subsequently be time-barred, nor does he demonstrate that the defendants who have not appeared have actual notice of this lawsuit.

Accordingly, the Court DISMISSES Plaintiffs' claims against the remaining Defendants under Rule 4(m).[2]

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss (Dkt. No. 11) and DENIES Mr. Kim's motion for summary judgment (Dkt. Nos. 7, 27) as moot. The Court further ORDERS that Plaintiffs' claims against Defendants 1Sharpe Fund, 1Sharpe Trust, and Alex Johnson are DISMISSED without prejudice for lack of personal jurisdiction, and Plaintiff's remaining claims are DISMISSED without prejudice pursuant to Rule 4(m).

DATED this 16th day of August 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court dismisses Plaintiffs' claims, Mr. Kim's motion for summary judgment (Dkt. No. 7) and supplemental motion for summary judgment (Dkt. No. 27) are DENIED as moot.